# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 3, 2013

Lyle W. Cayce
Clerk

No. 12-30427
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUGENE C. WILLIAMS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CR-75-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Eugene C. Williams, Jr., entered a conditional guilty plea to one charge of being a felon in possession of a firearm and was sentenced to serve 84 months in prison and a three-year term of supervised release. Now, he appeals the district court's denial of his motion to suppress. When considering a denial of a motion to suppress evidence, this court reviews factual findings for clear error and the ultimate constitutionality of law enforcement action de novo. *United States v. Perez*, 484 F.3d 735, 739 (5th Cir. 2007) (citation omitted).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30427

Consistent with his arguments to the district court, Williams now contends that the firearm underlying the charge of conviction should have been suppressed because his encounter with the officer escalated from a permissible *Terry*[1] stop to an arrest when the officer tasered him. Under Williams's view, this arrest was unlawful, and should result in suppression of the firearm, because it was not supported by probable cause.

A review of the record and pertinent jurisprudence shows that Williams's arguments are unavailing. The use of force does not automatically convert a valid *Terry* stop into an arrest requiring probable cause. *United States v. Sanders*, 994 F.2d 200, 206 (5th Cir. 1993). Rather, police officers are permitted "to take stern and swift measures when necessary to 'discover the true facts and neutralize the threat of harm if it materialized'" during a *Terry* stop. *United States v. Michelletti*, 13 F.3d 838, 843 (5th Cir. 1994) (en banc) (quoting *Terry*, 392 U.S. at 30).

In the instant case, the officer was called to investigate a complaint of a man carrying a purse containing a handgun, and Williams matched this description. The officer saw the handle of the gun sticking out of the purse, and Williams ignored repeated orders to drop the purse. When Williams turned away from the officer as if to flee or grab the gun, the officer feared for his safety and tasered Williams. This case is substantially similar to *Sanders* and, as in that case, the officer acted reasonably when confronted with an armed subject who refused to obey orders. *See Sanders*, 994 F.2d at 207-08. Williams has shown no error in connection with the district court's denial of his motion to suppress.

AFFIRMED.

---

[1] *Terry v. Ohio*, 392 U.S. 1 (1968).